1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CRAIG K. GARRETT,                          Case No.  1:25-cv-00128-HBK (PC)

12                 Plaintiff,                    ORDER TO RANDOMLY ASSIGN CASE TO
                                                 A DISTRICT JUDGE
13          v.
                                                 FINDINGS AND RECOMMENDATIONS TO
14   PAT HORN, Warden of Kern Valley State       DENY PLAINTIFF'S MOTION TO
     Prison, et. al.,                            PROCEED *IN FORMA PAUPERIS* UNDER 28
15                                               U.S.C. § 1915 (g)[1]
                  Defendants.
16                                               FOURTEEN-DAY OBJECTION PERIOD

17                                               (Doc. No. 2)

18

19          Plaintiff Craig K. Garrett, a state prisoner currently confined at Kern Valley State Prison

20   ("KVSP"), initiated this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. §

21   1983 on January 30, 2025.  (Doc. No. 1, "Complaint").  On the same day, Plaintiff filed an

22   application to proceed *in forma pauperis* ("IFP").  (Doc. No. 2).  The undersigned recommends

23   the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had

24   at least three actions or appeals that constitute strikes and the Complaint does not establish that

25   Plaintiff meets the imminent danger exception.

26          ////

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2023).

1                                      **BACKGROUND AND FACTS**

2         Plaintiff initiated this action by filing a civil rights complaint that he signed on January 23,

3 2025. (Doc. No. 1 at 13). The Complaint lists the following defendants: Pat Horn, Warden of

4 KVSP; C. Bell, Chief Medical Officer of KVSP; Lieutenant R. Seals; Sergeant C. Salazar;

5 Johnson, Supervising Psychologist; Garza, Supervising Psychologist; the Secretary of the

6 California Department of Corrections; Yoder, Supervising Correctional Counselor; Jesse Lewis,

7 Associate Warden at Richard J. Donovan Correctional Facility ("RJD"); and Allen, Supervising

8 Correctional Counselor. (*Id*. at 2-3). The Complaint outlines three causes of action: (1) violation

9 of the Eighth Amendment for cruel and unusual punishment, (2) violations of due process, and (3)

10 retaliation and harassment. (*Id*. at 4, 8, 11).

11         On October 13, 2024, Plaintiff began a hunger strike while incarcerated at RJD. (*Id*. at 4,

12 8). In November 2024, he was transferred to KVSP. (*Id*.). Upon arrival at KVSP, Plaintiff was

13 assigned to a restrictive housing unit for refusing to relinquish his wheelchair, which he asserts

14 was prescribed based on a "2021 medical diagnosis." (*Id*. at 4).

15         Plaintiff alleges he was unable to attend his December 5, 2024 medical appointment

16 because a few "days prior" he was forcibly removed from his wheelchair by two unnamed prison

17 guards at the direction of "Sergeant Charles."[2] (*Id*. at 4-5). After being removed from his

18 wheelchair, Sergeant Charles called for two "medical code[s]" requesting medical assistance

19 within the span of several minutes. (*Id*. at 5). Thereafter, an "African" male nurse arrived and

20 began to take his blood pressure. (*Id*. at 5, 9). However, a "Hispanic" supervising nurse

21 instructed him to stop taking Plaintiff's blood pressure because Plaintiff was tensing his arm.

22 (*Id*.). The supervising nurse told Sergeant Charles that Plaintiff was capable of walking to his

23 appointment. (*Id*.). Sergeant Charles then "retrieved a wheelchair" and "pushed [Plaintiff] to [ ]

24 the medical clinic."[3] (*Id*. at 9). At the medical clinic, Plaintiff began coughing up blood. (*Id*.).

25 A "Hispanic" nurse at the clinic refused to perform a medical assessment despite his symptoms.

26

27 [2] Sergeant Charles is not listed as a named defendant. (*See* Doc. No. 1 at 2-3).

28 [3] The Complaint does not clarify whether Plaintiff was escorted to his scheduled appointment or brought to the clinic due to injuries sustained from being removed from the wheelchair.

1    (*Id.*).

2           On December 5, 2025, Plaintiff was admitted to prison infirmary for symptoms related to

3    his hunger strike.[4]  (*Id.*).  Medical staff declined to perform assessments, despite his vomiting,

4    dizziness, and nausea.  (*Id.*).  Plaintiff was subsequently hospitalized on December 13, 2024.

5    (*Id.*).  At some point thereafter, Plaintiff alleges a visiting "Hispanic" doctor refused to perform a

6    "any kind of medical assessment" despite nearly dying from his "starvation symptoms."  (*Id*. 9-

7    10).

8           The Complaint accuses prison staff of a broad pattern of retaliation and a "campaign of

9    harassment," including placing Plaintiff in administrative segregation, refusing to allow him to

10   attend his "mental health hearing," and failing to provide Plaintiff with medical care and

11   equipment as reprisal for his involvement in legal actions.  (*Id*. at 6-7, 11-12).  Specifically,

12   Plaintiff asserts that Associate Warden Lewis prompted a prison doctor at RJD to discontinue the

13   use of his wheelchair, walker, and medications associated with his 2021 medical diagnosis.  (*Id*.

14   at 6).  Plaintiff further accuses Lewis of initiating a false sexual assault investigation against him,

15   which led to the "arbitrary use" of a "confidential disclosure."  (*Id*.).  Plaintiff also alleges

16   Lieutenant Seals and Supervising Correctional Counselor Yoder falsely documented

17   "confidential" information used to place him in administrative segregation.  (*Id*. at 7).  Plaintiff

18   seeks injunctive relief and monetary damages.  (*Id*. at 13).

19                                        **MOTION TO PROCEED IFP**

20          All parties instituting any civil action, suit or proceeding in any district court of the United

21   States, except an application for writ of habeas corpus, must pay a filing fee of $405.00.  *See* 28

22   U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay this filing fee only if the

23   party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See*

24   *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176,

25   1177 (9th Cir. 1999).

26          ////

27

28   _____

[4] It is also unclear whether Plaintiff's admission to the infirmary constituted his scheduled appointment.

3

## A. Applicable Three Strikes Law

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews*, 493 F.2d at 1052.

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint.

4

*Andrews*, 493 F.3d at 1051-52 (addressing imminent danger exception for the first time in the Ninth Circuit).  The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible.  *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

To avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint."  *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. Apr. 11, 2022) (adopting nexus test).  "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury."  *Id*. at 700 (adopting test as articulated by Second Circuit, citation omitted).  The three-strikes litigant must meet both requirements of the nexus test to proceed.  *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous."  *Andrews*, 493 F.3d at 1057, fn. 11.  Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions.  *Andrews*, 493 F.3d at 1053; *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

**B.  Plaintiff Has Three or More Qualifying Strikes.**

Plaintiff states in his Complaint that he filed only between "3-4" other lawsuits in federal court.  (Doc. No. 1 at 2).  The Complaint is signed "under penalty of perjury."  (*Id*. at 13).  A review of the PACER Database and the court's files reveals that Plaintiff has filed at least 20 civil actions or appeals in a court of the United States.[5]  The Court takes judicial notice that Plaintiff has incurred at least three strikes prior to filing the instant action:

---

[5] https://pacer.uscourts.gov.

5

- *Garrett v. Madder, et al.*, Case No. 2:19-cv-05206-AB-KES (C.D. Cal.) (filed June 14, 2019) (denying IFP application after finding complaint to be frivolous in June 2019) (Doc. No. 9);

- *Garrett v. Madder*, Appeal No. 19-55860 (9th Cir. Nov. 22, 2019) (appeal dismissed as frivolous) (Doc. No. 6);

- *Garret v. Duncan*, Case No. 2:02-CV-01923 (C.D. Cal. March 28, 2002) (dismissed for failure to exhaust on the face of the complaint);

- *Garrett v. Diaz*, No. 3:19-CV-00510 (S.D. Cal. May 10, 2019) (dismissed for failure to state a claim), *affirmed Garrett v. Diaz, et al.*, No. 20-55367 (9th Cir. Jan. 22, 2021) (Doc. No. 23);

- *Garrett v. Diaz, et al.*, Case No. 3:21-cv-00265-WQH-MDD (S.D. Cal.) (filed February 2, 2021) (Doc. No. 4, p. 7) ("Accordingly, because Garrett has, while incarcerated, accumulated more than three strikes pursuant to § 1915(g), and he fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action.");

- *Garrett v. Diaz, et al.*, No. 21-56004 (9th Cir. April 21, 2022) ("Appellant's motion to proceed in forma pauperis (Docket Entry No. 3) is denied because appellant has had three or more prior actions or appeals dismissed as frivolous or for failure to state a claim and because appellant has not alleged any imminent danger of serious injury in this appeal.") (Doc. No. 13, p. 1).

**C.  The Imminent Danger Exception Does Not Apply**

Because Plaintiff has been deemed a three-striker, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury on the date the Complaint is filed.  *Andrews*, 493 F.3d at 1052-53.  Liberally construing the Complaint, the undersigned finds that it contains no plausible allegations sufficient to allege Plaintiff faced imminent danger of serious physical injury at the time he filed the action.

At the outset, the Court notes that Plaintiff's convoluted factual allegations regarding

6

1    dates and Defendants' harassment are both contradictory and lack clarity.  Plaintiff's broad

2    assertion that primarily unnamed Hispanic prison staff colluded in an ongoing "campaign of

3    harassment" and retaliation plot against him does not fall within the scope of the imminent danger

4    exception.  *See Stine v. Fed. Bureau of Prisons,* No. 1:13-CV-1883 AWI-MJS, 2015 WL

5    5255377, at *6 (E.D. Cal. Sept. 9, 2015) ("[o]verly speculative and fanciful allegations do not

6    plausibly show imminent danger") (citing *Andrews*, 493 F.3d at 1057 n. 11); *see also Hammler v.*

7    *Dignity Health*, No. 1:20-CV-1778 JLT-HBK, 2021 WL 5630620, at *4 (E.D. Cal. Dec. 1, 2021)

8    ("Vague verbal threats of physical harm to health and safety are insufficient to demonstrate

9    imminent danger of serious physical injury.") (cleaned up) (quoting *Cruz v. Pfeiffer*, No. 1:20-

10   CV-01522 AWI-SAB, 2021 WL 289408, at *2 (E.D. Cal. Jan. 28, 2021)), *report and*

11   *recommendation adopted*, 2022 WL 206757 (E.D. Cal. Jan. 24, 2022).

12       Similarly, Plaintiff conclusory allegations that the prison staff conspired in

13   "medical/custody collusion" to deny Plaintiff medical equipment due to his "2021 medical

14   condition" fail to rise to the level of the imminent danger exception.  *See Ellington v. Clark*, No.

15   1:10-CV-01944-AWI-MJ, 2012 WL 466730, at *2 (E.D. Cal. Feb. 13, 2012) (finding the

16   plaintiff's allegations that the defendants conspired to transfer him to KVSP, which resulted in the

17   depravation of his walker and wheelchair, did not satisfy the imminent danger exception); *see*

18   *also Wilson v. Cisnerous*, No. 1:21-CV-01455 EPG, 2021 WL 4493556 at *2 (E.D. Cal. Oct. 1,

19   2021) ("[Plaintiff] also alleges that there is not enough room for wheelchairs or walkers to

20   maneuver around bunks, but there are no allegations suggesting that this puts him at risk of

21   serious physical injury."), *report and recommendation adopted*, 2021 WL 5112967 (E.D. Cal.

22   Nov. 3, 2021).

23       To the extent Plaintiff mentions going on a hunger strike for his alleged mistreatment,

24   there are no facts to suggest that Plaintiff remains on a hunger strike at the time he filed the

25   instant action.  Faced with similar facts, courts have determined that there was no imminent

26   physical injury.  *See Freeman v. Kernan*, No. 2:17-CV-2233-AC, 2019 WL 3080740 (E.D. Cal.

27   July 15, 2019) (finding no imminent physical injury when complaint alleged hunger strike ended

28   at a specific date before filing the case); *see also Fletcher v. Sherman*, No 1:18-CV-01074-DAD-

1    GSA, 2018 WL 10720904 (E.D. Cal. Oct. 9, 2018) (same).  Moreover, even if Plaintiff was still

2    on a hunger strike, he voluntarily initiated it.  While the Ninth Circuit does not appear to have

3    ruled on this issue, lower courts often find a prisoner cannot create imminent danger by initiating

4    a hunger strike to avoid the three strikes provision of the PLRA.  *Taylor v. Walker*, No. 07-CV-

5    706-MJR, 2007 WL 4365718, at *2 (S.D. Ill. Dec. 11, 2007) (collecting cases).

6            Insofar as Plaintiff asserts that the unspecified prison staff intentionally delayed a single

7    scheduled doctor's appointment or that his course of treatment was medically unacceptable (e.g.,

8    deprivation of the wheelchair), he fails to present a plausible claim to establish imminent danger

9    of serious physical injury because he does not articulate a cognizable deliberate indifference

10   claim under these circumstances.  *See, e.g., Shapley v. Nevada Bd. of State Prison Comm'rs*, 766

11   F.2d 404, 407 (9th Cir. 1985) (a delay in treatment, without more, is insufficient to state a

12   deliberate indifference claim); *see also Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004)

13   ("[A] mere difference of medical opinion is insufficient . . . to establish deliberate indifference.

14   Rather, to prevail on a claim involving choices between alternative courses of treatment, a

15   prisoner must show that the chosen course of treatment was medically unacceptable under the

16   circumstances, and was chosen in conscious disregard of an excessive risk to the prisoner's

17   health." (cleaned up)).

18           Additionally, Plaintiff alleges that the prison staff documented false reports that resulted

19   in improper classification, which led to his administrative segregation.  Without more, these

20   allegations fail to satisfy the imminent danger exception.  *See Reberger v. Baker*, 657 F. App'x

21   681, 684 (9th Cir. 2016) (holding that the prisoner's claim that administrative segregation may

22   cause him to be denied HIV medication was too speculative and vague to demonstrate imminent

23   danger where he did not explain how administrative segregation would impact his medication);

24   *see also Ellington*, 2012 WL 466730, at *2 (finding the plaintiff's allegations that prison staff

25   falsely classified him as a gang affiliate and improperly documented him as a "child molester"

26   fell short of meeting the criteria for the imminent danger exception).

27           Finally, the Complaint contains no indication that he will suffer any further physical

28   assault from prison staff in the near future.  Liberally construed, the Complaint's single allegation

8

of excessive force occurred on or around December 5, 2024.  Without more, the sole allegation of Plaintiff's forced removal from his wheelchair fails to indicate the existence of an ongoing threat of imminent danger.  The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056; *see also Gonzales v. Castro*, No. 1:09-cv-01545-AWI-MJS, 2010 WL 2471030, at *2 (E.D. Cal. June 9, 2010) (finding a single incident of excessive force by prison staff retaliation occurring three months before filing of complaint insufficient to show an ongoing threat), *report and recommendation adopted*, 2010 WL 3341862 (E.D. Cal. Aug. 25, 2010). Thus, Plaintiff's allegations involving prison staff, which concern conditions Plaintiff faced at an earlier time, are insufficient to assert an ongoing threat of physical danger.

Based on the foregoing, because there are no factual allegations from which the Court can infer that Plaintiff is currently under threat of imminent physical danger sufficient to invoke the § 1915(g) exception, the undersigned recommends Plaintiff's IFP motion be denied under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

Accordingly, it is hereby **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further **RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be DENIED under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

2. Plaintiff be directed to pay the $405.00 filing fee in full, absent which the Court dismiss this action without prejudice.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned,

1    "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**

2    **(15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party

3    wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its

4    CM/ECF document and page number, when possible, or otherwise reference the exhibit with

5    specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

6    the District Judge when reviewing these Findings and Recommendations under 28 U.S.C.

7    § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the

8    waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

9

10   Dated:   __March 20, 2025__

11                                          HELENA M. BARCH-KUCHTA
                                           UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10