**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRAIG K. GARRETT,<br><br>          Plaintiff,<br><br>     v.<br><br>PAT HORN, Warden of Kern Valley State Prison, et. al.,<br><br>          Defendants. | Case No.  1:25-cv-00128 JLT HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE<br><br>(Docs. 2, 13) |

Craig K. Garrett, a prisoner, initiated this action proceeding pro se by filing a complaint and a motion to proceed *in forma pauperis* on January 30, 2025.  (Docs. 1, 2.)  In conducting the required screening, the assigned magistrate judge found Plaintiff had filed at least three cases that were dismissed and qualified as "strikes" under Ninth Circuit caselaw before filing this action. (Doc. 13.)  Consequently, Plaintiff is subject to the three strikes bar under 28 U.S.C. § 1915(g). (*Id*. at 5-6.)  The magistrate judge also found that the allegations in Plaintiff's complaint do not satisfy the "imminent danger of serious physical injury" exception to Section 1915(g), even when liberally construing Plaintiff's complaint.  (*Id*. at 6-9.)  Therefore, the magistrate judge recommended Plaintiff be denied leave to proceed IFP in this action.  (*Id*. at 9.)

The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 14 days.  (*Id*. at 9-10.)  Plaintiff filed his objections on April 2, 2025, and an amended response on April 4, 2025.  (Docs. 14, 15.)  Plaintiff argues that six of the

cases listed in the magistrate judge's findings and recommendations are "actually only three discrete filings, in which one (Garrett v. Duncan [ ]) was dismissed for failure to exhaust." (Doc. 14 at 2). However, *Garret v. Duncan*, Case No. 2:02-CV-01923 (C.D. Cal. March 28, 2002) was dismissed for failure to exhaust based *on the face of the complaint*, which constitutes a permissible strike under Prison Litigation Reform Act. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) (dismissal for failure to exhaust constitutes a strike when the failure to exhaust is apparent from the face of the complaint). Further, Plaintiff fails to meaningfully address the reasoning in the magistrate judge's findings and recommendations or provide any facts to support a conclusion that he is in imminent danger of serious physical injury. (*See* Docs. 14, 15.)

According to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 20, 2025 (Doc. 13), are **ADOPTED** in full.
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**.
3. Within 30 days from the date of service of this order, Plaintiff **SHALL** pay in full the $402.00 filing fee if he wishes to proceed with his action.
4. <u>Plaintiff is advised that failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice.</u>

IT IS SO ORDERED.

Dated: __**April 18, 2025**__                    _____
                                                  UNITED STATES DISTRICT JUDGE