1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   CRAIG K. GARRETT,                          Case No. 1:25-cv-00128 JLT HBK (PC)

12                    Plaintiff,                 ORDER DENYING PLAINTIFF'S MOTION
                                                 FOR RELIEF UNDER RULE 60
13          v.
                                                 (Doc. 17)
14   PAT HORN, Warden of Kern Valley State
     Prison, et. al.,
15
                     Defendants.
16

17          On April 18, 2025, this Court denied Plaintiff's motion to proceed *in forma pauperis* (IFP)

18   and ordered him to pay the $402.00 filing fee in full within 30 days if he wishes to proceed with

19   this action. (Doc. 16.) On May 2, 2025, Plaintiff moved for relief from judgment pursuant to

20   Federal Rule of Civil Procedure 60(b)(3) and (b)(6), contending that the Court's denial of his IFP

21   status under 28 U.S.C. § 1915(g) was procured through misrepresentation and omitted material

22   facts establishing imminent danger. (*See* generally Doc. 17) The Court has reviewed Plaintiff's

23   motion and finds no basis for relief under either provision.[1]

24          Pursuant to Rule 60(b), the Court may order relief from a final judgment, order, or

25   proceeding for the following reasons:

26                  (1) mistake, inadvertence, surprise, or excusable neglect;

27   _____

[1] On May 2, 2025, Plaintiff also filed an interlocutory appeal from the Court's denial of his IFP status. (Doc. 18.) On
28   June 26, 2025, the Ninth Circuit stayed the appeal pending a ruling from this Court on his motion for reconsideration.
     (Doc. 21.)

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

### A. Relief under Rule 60(b)(3)

Rule 60(b)(3) permits relief from judgment where the movant demonstrates, by clear and convincing evidence, that the judgment was obtained through "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." The alleged misconduct must have prevented the movant from fully and fairly presenting their case. *See Casey v. Albertson's Inc*, 362 F.3d 1254, 1260 (9th Cir. 2004).

Plaintiff does not allege that any defendant engaged in fraud or misconduct during the litigation. Indeed, no defendant has been served, and no opposing party has appeared in this case. The alleged misrepresentation stems solely from the magistrate judge's purported omission or mischaracterization of facts within the Findings and Recommendations (Doc. 13). (Doc. 17 at 2.) Specifically, Plaintiff contends the magistrate omitted reference to an alleged threat from a correctional lieutenant that was purportedly recorded and misstated the chronology of events surrounding his medical treatment on December 13, 2021. (*Id*. at 2–4.) These assertions, even if taken as true, do not fall within the scope of Rule 60(b)(3), which does not provide relief for alleged judicial error. *See In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1405 (9th Cir. 1987) (Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect."). Furthermore, Plaintiff had the opportunity to raise his factual disputes in objections (Doc. 15), and the Court conducted a de novo review before adopting the findings and recommendations. (Doc. 16). Because Plaintiff has not identified misconduct by any

1  party—much less by an adversarial litigant—he has not met the threshold for relief under Rule

2  60(b)(3).

3        **B. Relief under Rule 60(b)(6)**

4        Rule 60(b)(6) is a catch-all provision that permits a court to relieve a party from final

5  judgment for "any other reason that justifies relief." Relief under this provision is granted only in

6  "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The rule is "used

7  sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land &*

8  *Reservoir Co*., 984 F.2d 1047, 1049 (9th Cir. 1993).

9        In construing Plaintiff's arguments under Rule 60(b)(6), the Court notes that they largely

10  repeat those previously addressed above and assert judicial misunderstanding or

11  mischaracterization of his complaint. He contends that the threat from a prison official and denial

12  of medical care were improperly discounted, and that the number of prior strikes was overstated.

13  As stated in Court's prior order (Doc. 16), Plaintiff failed to plausibly allege facts supporting the

14  imminent danger exception under § 1915(g). The claim of a recorded threat lacks sufficient

15  specificity to overcome the speculative nature of the danger alleged. Furthermore, Plaintiff's

16  objections regarding the timeline of medical care were addressed and found immaterial to the

17  imminent danger analysis. As noted in *Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir.

18  2007), imminent danger must be based on conditions existing at the time the complaint is filed,

19  not past events.

20        Finally, Plaintiff's contention that certain prior dismissals—particularly *Garrett v.*

21  *Duncan*, No. 2:02-cv-01923—should not qualify as "strikes" was previously considered and

22  rejected. (Doc. 17 at 4.) Under *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043 (9th Cir. 2016),

23  dismissals for failure to exhaust may count as strikes if the failure is apparent from the face of the

24  complaint. Plaintiff presents no new evidence or legal authority to support reclassification of that

25  or other cases.

26        In sum, Plaintiff fails to demonstrate the extraordinary circumstances required for relief

27  under Rule 60(b)(6), and merely reasserts contentions already considered and rejected. Thus, the

28  Court **ORDERS**:

3

1.  Plaintiff's Motion for Relief under Rule 60 (Doc. 17) is **DENIED**.

2.  Within 30 days from the date of service of this order, Plaintiff SHALL pay in full the $402.00 filing fee if he wishes to proceed with his action.

3.  **Plaintiff is again advised that failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice.**

IT IS SO ORDERED.

Dated:   **July 3, 2025**

UNITED STATES DISTRICT JUDGE